MISSOURI, K. & T. RY. CO. OF TEXAS v. STOGNER et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 22, 1913. Rehearing Denied Jan. 10, 1914.)

1. APPEAL AND ERROR (§ 1064*) — HARMLESS ERROR—INSTRUCTIONS.

In an action by W. and G., an instruction to find for W. if the jury found for G., if erroneous, was harmless where, under the court's charge, a finding for G. could not have been had without an affirmation of every material fact constituting W.'s right to recover.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

2. TRIAL (§ 229*)—INSTRUCTIONS — IGNORING ISSUES.

Where the issue of contributory negligence was submitted in several paragraphs of the charge, it was immaterial that other paragraphs did not refer to such issue, as the error was at most one of omission and the charge as a whole did not exclude such issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

3. CARRIERS (§ 263*)—BREACH OF CONTRACT FOR TRANSPORTATION—CONTRIBUTORY NEGLIGENCE.

Plaintiff paid the price of a ticket to a railroad company's station agent, who agreed to wire a ticket to the agent at another point, where plaintiff's minor son was to call for it. Though the son called for the ticket, he was told that no ticket had been wired for him. He thereupon boarded the train without a ticket and was ejected and compelled to walk home, resulting in mental and physical pain and sickness and causing his father anxiety and mental pain because of his delay in reaching home. Held that, if the son was guilty of contributory negligence, his negligence would not be imputed to the father and did not defeat the company's liability to the father for the breach of the contract to which he was a party.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1035–1074; Dec. Dig. § 263.*]

4. CARRIERS (§ 277*)—BREACH OF CONTRACT FOR TRANSPORTATION—DAMAGES.

The father could recover compensation for his mental suffering; it being a natural consequence of the breach of the contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. § 277.*]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Action by William Stogner and another against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

A. S. Coke, of Dallas, and John Speer, of Bowie, for appellant. W. W. Alcorn, of Montague, and A. L. Scott, of St. Jo, for appellees.

CONNER, C. J. On January 3, 1912, appellee William Stogner, who resided at St. Jo in Montague county, a point on appellant's line of railway, had a minor son, George Stogner, at or near the town of Henrietta, in Clay county, also on the line of appellant's railway, who was without means and whom the father desired to come home. For the purpose of accomplishing the desired end, and in answer to a request of the boy over the phone to do so, William Stogner went to the station agent at St. Jo, who agreed, in appellant's behalf, for the price of a ticket then paid by William Stogner, to wire to the company's agent at Henrietta a ticket from the latter place to St. Jo; the arrangement further being that George Stogner would call upon the Henrietta agent for the ticket. The evidence authorizes the further conclusion that George Stogner in due time appeared at the Henrietta station and called for the desired ticket to St. Jo; that the agent at Henrietta told him that no ticket had been wired for him and no ticket or other right was delivered to the son for transportation. The desire of George Stogner, however, was such that upon the incoming of the passenger train from Henrietta to St. Jo he boarded it without a ticket, but was ejected therefrom at the town of Ringgold by the conductor of the train, notwithstanding his insistence that an arrangement for a ticket had been made. This ejection occurred late at night, and the weather was very inclement. George Stogner nevertheless proceeded to walk on his homeward journey, and, as the evidence tends to show, suffered mental and physical pain and confinement in bed by reason of sickness. The father was expecting to meet his son upon the arrival of the train referred to in St. Jo at 3 o'clock a. m.; but, the son not appearing, the evidence authorizes the conclusion that the father suffered anxiety and mental pain between the hour of the expected arrival and the next day, when the son finally reached home, and also expended money for medical attendance and medicines during the short period of the son's confinement on account of his sickness. The father and son instituted this suit for the damage so occasioned and recovered a judgment in the sum of $50 each, and the railway company appeals.

[1] We find no sufficient error for disturbing the judgment below. The error, if any, of the court in instructing the jury to find in favor of the plaintiff William Stogner in event they found in favor of George Stogner was harmless, inasmuch as under the court's charge a finding in favor of George Stogner could not have been had without an affirmation on the part of the jury of every material fact in issue constituting William Stogner's right of recovery.

[2] The issue of George Stogner's contributory negligence, if indeed the evidence raises the issue, was submitted in several paragraphs of the court's charge, and it is immaterial therefore that the issue was not referred to in other paragraphs to which error has been assigned on the ground of such omission. In other words, the error, if any, was at most one of omission and the charge, construed as a whole, as it must be, is not ·

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

subject to the objection that it excludes the issue of contributory negligence.

[3] Special charges Nos. 3, 5, and 6, to the rejection of which error is assigned, were properly refused for the reason, if for no other, that they required findings against William Stogner in event of a finding that George Stogner was guilty of contributory negligence. We are not inclined to think that the evidence raised the issue of contributory negligence on the part of George Stogner, but, if so, it would not be imputed to the father, who was a party to the contract and to whom appellant was certainly liable for its breach.

[4] The eleventh paragraph of the court's charge instructed the jury to the effect that, if they found for William Stogner, they would assess his damages at what the jury believed from the evidence would be the reasonable value for the services of George Stogner during the period of time George Stogner was sick, "if he was sick as a result of the negligence of the company"; also compensation for the doctor's bills and medicine expended by William Stogner in having his son treated, and further for "his mental and physical suffering," if any. The most serious objection to the charge is that William Stogner was not entitled to compensation for his mental and physical suffering. But inasmuch as William Stogner was a party to the contract, we think appellant was liable for all the natural consequences of its breach, including compensation for any mental suffering caused William Stogner. G., C. & S. F. Ry. Co. v. Coopwood, 96 S. W. 102; I. & G. N. Ry. Co. v. Anchonda, 68 S. W. 743.

No other question is presented which we think merits discussion, and, believing that the evidence supports the recovery, it is ordered that all assignments of error be overruled, and the judgment affirmed.